## THE ANGELINE ANDERSON.[1]

### ROSS *et al.* v. THE ANGELINE ANDERSON.

### SAME *v.* BALES OF COTTON.

*(District Court, E. D. New York. April 7, 1888.)*

1. SALVAGE—ABANDONMENT OF SERVICE—LOSS OF CLAIM.
   On the occasion of the fire at the Morgan Line pier, New York, in February, 1887, two tugs took hold of the lighter Angeline Anderson, which had been lying near the pier, loaded with cotton, and which had taken fire. The tugs took the lighter as far as the mouth of the slip, where in some way she got adrift from them. The tugs paid no further attention to her, but devoted their whole attention to the burning steam-ship Lone Star. The lighter drifted into the slip above, where the fire department played water upon her, and other tugs took her to Hoboken, where the fire was finally extinguished. *Held,* that the tugs lost all right to claim salvage compensation by abandoning the lighter when the hawser parted, thereby leaving her to drift into a position of greater peril than she was in at the place whence she was taken.

2. SAME—FAILURE.
   Success is a necessary element in a claim for salvage.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty.  Libels for salvage.  There were two separate suits: one against the lighter, and the other against the cotton which composed her cargo at the time of the fire.

*Benedict, Taft & Benedict,* for libelants.

*Julian B. Shope,* for claimants.

BENEDICT, J.  These are actions to recover of the lighter Angeline Anderson and her cargo of cotton a salvage compensation for the services of the tugs Margaret Sandford and the Harry Roussel, in towing the Angeline Anderson, on the occasion of the fire which occurred in the month of February, 1887, when the pier of the Morgan Line was burned.  It is sufficient, without stating particularly the services performed by these two tugs in getting the lighter to the mouth of the place where she was when she caught on fire, to say that there is no disputing the fact that, after the lighter had reached the mouth of the slip, she in some way got adrift from the tugs; that after the parting of the hawser to the lighter the tugs devoted all their attention to the steamer Lone Star, and paid no further attention to the lighter, which thereafter drifted into the slip above.  There the fire department played water upon her for some time, and the tug-boats Indian and Excelsior came and took her to Hoboken, where these two last-mentioned tug-boats, with their crews, and with 100 men from on shore, and a barge, were occupied until the following night in extinguishing the fire.  Whatever may have been the value of the services of the libelant in connection with this lighter, they, in my opinion, lost all right to claim salvage compensation therefor by abandoning the lighter when the hawser parted, thereby leaving her adrift in a position of greater peril than she was in at the place from where she was taken.  The only excuse made in behalf of the tugs is that it was no fault of theirs that the hawser to the lighter parted; and that, having the steam-ship Lone Star in tow at the same time, they were justified, by the necessity of caring for the steam-ship, in leaving the lighter to be cared for by the other tugs.  But although it may have been no fault on the part of the tugs that the hawser to the lighter parted, it was their misfortune, for it severed completely the connection between them and the lighter, and left the lighter to depend upon other and different salvors for safety.  Success is a necessary element in a claim for salvage. In this case the two tugs wholly failed of success, and for that reason they are not entitled to a salvage reward.  Let the libel be dismissed, with costs.